# Wheeling.

## JACOB NEBERGALL *vs.* WILLIAM TYREE.

### January Term, 1868.

By section 42, chapter 49, code of Virginia, 1860, if a party as surety for a sheriff, has to pay the amount of a judgment or decree, in whole or in part, on account of the default of a deputy to said sheriff, he may obtain a judgment or decree against such deputy and his sureties and their personal representatives for the amount so paid by him.

*William Tyree* was deputy sheriff for *Edward D. Vandall,* sheriff of *Fayette* county in 1851. As such deputy he collected the amount of an execution in a cause of *Wilson* vs. *Landcraft et al.* At the September term, 1851, of the circuit court of that county, *Wilson* obtained judgment, on motion, against *Tyree,* (he having failed to pay over the money collected by him,) and others, including *Jacob Nebergall,* as sureties for *Vandall,* he having moved from the State. In 1858, *Nebergall* sued *Tyree* for the amount of the judgment obtained by *Wilson.* On the trial he proved the facts as above stated and that he had paid the judgment, which with interest amounted to 609 dollars and 71 cents.

The defendant, *Tyree,* then moved the court to instruct the jury that they must believe from the evidence that *Nebergall,* plaintiff, was the security of *Tyree,* the defendant, to entitle him to recover in the action; that the fact that the plaintiff was one of the securities of the high sheriff was not sufficient, although the defendant, *Tyree,* may have, as deputy sheriff, collected the money on the execution of *Wilson* vs. *Landcraft, et al.;* which instructions the court gave the jury, and the plaintiff excepted. The jury found for the defendant. The plaintiff applied to the court of ap-

peals of Virginia for a writ of supersedeas, which was granted, and the case comes here by operation of law.

*Lamb & Paull* for defendant in error.

MAXWELL, J.   The only question arising on the record of this case is whether or not the instructions given by the court to the jury at the instance of the defendant were correct.

The facts certified as proved to the jury were that Vandall was sheriff of Fayette county and the defendant, Tyree, his deputy; that the plaintiff and defendant were securities in his official bond as such sheriff; that the defendant as such deputy collected the amount of an execution in favor of *Wilson* against *Landcraft and others*, which he failed to pay over to the creditor; that the securities in the aforesaid official bond were notified for the money; that the said Vandall had removed from the State; that judgment was rendered against the securities of the said Vandall, of whom the plaintiff and defendant were two, for the amount received by the defendant on the said execution in favor of Wilson, with damages thereon, and that the plaintiff had paid off the said judgment.   On this state of facts being proved to the jury, the defendant asked the court to instruct the jury that they must believe from the evidence that the plaintiff was the security of William Tyree to entitle the plaintiff to recover in this action; that the fact that the plaintiff was one of the securities of the high sheriff was not sufficient, although the defendant, Tyree, may have, as deputy sheriff, collected the money on the execution of *Wilson* vs. *Landcraft, and others*, which instructions the court gave to the jury as asked.

This instruction it seems to me is plainly erroneous.   It is provided in the Code of Virginia, chapter 49, section 42, "when any judgment or decree shall be obtained against a sheriff, sergeant, coroner or collector, or his sureties, or their personal representatives for or on account of the default or misconduct of any such deputy, and shall be paid in whole

or in part by any defendant therein, he or his personal representatives may on motion obtain a judgment or decree against such deputy and his sureties and their personal representatives for the amount so paid, with interest thereon from the time of such payment, and five per centum damages on said amount."

This section gives to the plaintiff the right to recover from the defendant on the facts of this case, in a summary way, by motion, and it would be strange indeed if he could not recover on the same facts in this action. If this section did not exist, I think the plaintiff would have a plain right to recover on the facts of his case as appears in his bill of exceptions, on the broad principles of natural justice. The defendant had received money which was not his own and converted it to his own use, by reason of which the plaintiff, in consequence of his relations to the defendant, was compelled by law to pay it for him to Wilson, who was entitled to receive it. The question as to the sufficiency of the bill of particulars to allow the facts to be proved to the jury, which were proved, does not arise in the case, because it does not appear that any of the evidence offered on the trial was objected and excepted to. The judgment complained of will have to be reversed with costs to the plaintiff in error, and the cause remanded to the circuit court of Fayette county for a new trial to be had therein according to the principles herein indicated.

The other judges concurred.

JUDGMENT REVERSED.